MIMS v. HAIR.

WILLS—LIMITATION OF ESTATES.—A devise to A., upon condition that it be appraised in a certain way, and that he pay one-seventh to each of six devisees; and if he should accept the same "upon the terms as set forth, I give it to him during his lifetime, and to his children after his death," vests a life estate in A., with remainder in fee in his children living at his death.

Before Aldrich, J., Barnwell, fall term, 1898. Affirmed.

Action for possession of land by J. J. Mims *et al. v.* J. R. Hair. From verdict and judgment for plaintiff, defendant appeals.

*Messrs. Bates & Sims,* for appellants, cite: *Charges on land devised are usually paid out of both estates for life and in remainder:* 1 Wis., 168; 2 Eq. Cas. Abr., 370; Prac. Ch., 288, 397; 3 Atk., 201. *Devise is enlarged to fee when land is charged with trust which cannot be performed without:* 6 Co., 16; 4 Tenn., 93; 1 Bail., 102. *Title could not vest until conditions performed:* 3 S. C., 210. *Will required six-sevenths to be converted into money, and land turned into money must be so regarded:* 41 Barb. N. Y., 60; 46 Wis., 106; 8 Rich. Eq., 295; 11 Rich. Eq., 547; 5 Rich., 202; 25 S. C., 149; 46 S. C., 241; 34 Am. St. R., 623; 3 Leigh., 419.

*Messrs. Patterson & Holman,* contra, cite: *Estate was accepted on conditions imposed:* 19 S. C., 182.

July 24, 1899. The opinion of the Court was delivered by

Mr. Justice Jones. Plaintiffs, claiming under the will of Ellen Mims as remaindermen upon the termination of the life estate of J. Robert Mims, after the death of J. Robert Mims, brought this action to recover a tract of land conveyed by said J. Robert Mims to the defendant, Hair. The plaintiffs recovered, and defendant appealed.

The principal question below and the sole question here is the proper construction of the will of Ellen Mims, the second clause thereof being as follows: "2d. The rest and residue of my estate, both real and personal and mixed, I give to my following named children, to be distributed among them share and share alike, subject to the following conditions, limitations and restrictions, that is to say: I give and be-

queath to my son, John Robert Mims, my plantation, known as the Billy McDonald place—the said plantation, however, is to be appraised by three disinterested freeholders, one to be chosen by him, and two others by the rest of my children. When the value of said plantation is thus ascertained, my said son, John Robert, shall pay over to his sister, Mrs. Mary C. Gunter, wife of Leroy Gunter, one-seventh thereof; to my son, William Mims, one-seventh thereof; to my son, Joseph F. Mims, one-seventh thereof; to my son, C. P. Mims, one-seventh thereof; to my son, James A. Mims, one-seventh thereof; to Joseph F. Mims and J. G. W. Duncan, as guardians of my said daughter, Sarah Ann Mims, one-seventh thereof. The portion that my daughter, Mary C. Gunter, will take and be entitled to under this, my last will, I give and it is to be to her sole and separate use, the same in no wise to be subject to the debts, contracts, liabilities or engagements of her present husband or any future one she may hereafter marry; and at her death I give the same to such issue of her body as may be living at that time, to be equally divided among them, share and share alike. As it may not be convenient for my son, Robert, at the time of the appraisement of the Billy McDonald plantation to pay cash to the heirs as directed, in that event he may give them his note or bond, payable in one, two and three years, with interest from date. If said Robert shall accept the said plantation upon the terms as set forth, I give it to him during his lifetime, and to his children after his death." The Circuit Judge construing this clause, charged the jury that the testatrix thereby devised to her son, J. Robert Mims, the Billy McDonald place (a part of which is the land in dispute), upon condition that he would pay each of his brothers and sisters named the value of one-seventh thereof, and the further condition that if he accepted and did pay the money, that under the will he took a life estate, and upon his death the children of J. Robert Mims living at the time of his death, took an absolute fee in remainder; that the limitations placed on J. R. Mims in the purchase of the Billy McDon-

ald place amounted to a condition precedent, and if J. R. Mims complied with the conditions, then he took an estate for life, with remainder to his children in fee. We agree with the Circuit Court in this construction of the will. Under this construction, the defendant could not acquire from J. Robert Mims an estate greater than the life estate of his grantor. From this it also follows that there was no error in refusing to charge the following requests by defendant: "If the jury believe that it was necessary for Robert Mims to sell off a portion of the 235 acres in order to pay off the other children the one-seventh interest given them by the will of Ellen Mims, and that the portion sold to the defendant was for that purpose, and the proceeds were so used, that they should find for the defendants."

The judgment of the Circuit Court is affirmed.

